1
2
3
4
5
6
7
8            **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ROBERT E. HUMMER,                       No. CIV S-10-1690-FCD-CMK

12                  Plaintiff,

13          vs.                              <u>FINDINGS AND RECOMMENDATIONS</u>

14   EMC MORTGAGE CORPORATION,
     et al.,

15
                    Defendants.
16   _____/

17          Plaintiff, proceeding in this action in propria persona, bring this civil action

18   pursuant to, *inter alia*, the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2603, *et*

19   *seq.*, and the Truth in Lending Act (TILA), 15 U.S.C. § 1601, *et seq.*  Pending before the court is

20   the defendants' motion to dismiss (Doc. 8).  The hearing on the motion was taken off calendar as

21   no opposition to the motion was filed.

22          **I.      Background**

23          This is a pro se civil case involving plaintiff's mortgage.  Plaintiff alleges in his

24   complaint that he entered into a mortgage contract and note with the defendants on or about

25   October 20, 2006.  He claims defendants breached their fiduciary duties by violating RESPA,

26   TILA, and failing to provide him proper notices regarding his default and foreclosure.  He sets

                                               1

1  forth six claims:  violations of TILA, the Uniform Commercial Code (UCC), and RESPA;

2  Breach of Contract, Unfair Deceptive Trade Practices, and Breach of Fiduciary Duty.

3       **II.**    **Motion to Dismiss**

4       A.    <u>Motion</u>

5       Defendant brings this motion to dismiss the complaint on the grounds that it fails

6  to state a claim and the claims are barred by the statute of limitations.  No opposition to the

7  motion as been filed.

8       B.    <u>Standards</u>

9       In considering a motion to dismiss, the court must accept all allegations of

10  material fact in the complaint as true.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007).  The

11  court must also construe the alleged facts in the light most favorable to the plaintiff.  <u>See</u> <u>Scheuer</u>

12  <u>v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>see also</u> <u>Hosp. Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S.

13  738, 740 (1976); <u>Barnett v. Centoni</u>, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All

14  ambiguities or doubts must also be resolved in the plaintiff's favor.  <u>See</u> <u>Jenkins v. McKeithen</u>,

15  395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

16  factual allegations, need not be accepted.  <u>See</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949-50

17  (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by

18  lawyers.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  "Although a pro se litigant ... may be

19  entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must

20  meet some minimum threshold in providing a defendant with notice of what it is that it allegedly

21  did wrong."  <u>Brazil v. United States Dept of Navy</u>, 66 F.3d 193, 199 (9th Cir. 1995).

22       Rule 8(a)(2) requires only "a short and plain statement of the claim showing that

23  the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is

24  and the grounds upon which it rests."  <u>Bell Atl. Corp v. Twombly</u>, 550 U.S. 544, 555 (2007)

25  (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for

26  failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic

1   recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to

2   raise a right to relief above the speculative level." Id. at 555-56.  The complaint must contain

3   "enough facts to state a claim to relief that is plausible on its face." Id.  at 570.  "A claim has

4   facial plausibility when the plaintiff pleads factual content that allows the court to draw the

5   reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at

6   1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

7   than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S.

8   at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability,

9   it 'stops short of the line between possibility and plausibility for entitlement to relief." Id.

10  (quoting Twombly, 550 U.S. at 557).

11          In deciding a Rule 12(b)(6) motion, the court generally may not consider materials

12  outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

13  Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1)

14  documents whose contents are alleged in or attached to the complaint and whose authenticity no

15  party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

16  and upon which the complaint necessarily relies, but which are not attached to the complaint, see

17  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

18  of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

19  1994).

20          Finally, leave to amend must be granted "[u]nless it is absolutely clear that no

21  amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

22  curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

23          C.      Discussion

24          Plaintiff's actual claims are a bit unclear.  At first it appears he is attempting to

25  form a "produce the note" type of claim, which is intended to delay a non-judicial foreclosure.

26  Such claims have universally been rejected.  See e.g. Pagtalunan v. Reunion Mortgage Inc., 2009

3

1   WL 961995 (N.D. Cal. 2009); Puktari v. Reconstruct Trust Co., 2009 WL 32567 (S.D. Cal.

2   2009); see also California Trust Co. v. Smead Inv. Co., 6 Cal. App. 2d 432 (1935) (holding that

3   production of the original note is not required in a non-judicial foreclosure).   To the extent he is

4   in fact attempting to make such a claim, this claim should be dismissed as non-cognizable.

5             Truth In Lending Act

6             Plaintiff's claim for violation of TILA is as follows:

7             Lender failed to provide the borrower with the required 3 day
              cooling off period prior to the signing of the loan documents.  A
8             complete set of loan documents were to be provided to borrower to
              take home and review.  Regulation Z. Part 226 and USC 15 § 1601
9             et seq.

10            In addition, under a heading of "Right to Rescind," plaintiff states:  "Lender failed

11   to provide that two copies of the Right to Rescind were signed and dated at the time of

12   consummation pursuant to 15 USC § 1635(a) Reg. Z § 226.23(b)."

13            A lender's violation of TILA allows the borrower to seek damages or to rescind a

14   consumer loan secured by the borrower's primary dwelling.   There is a one-year statute of

15   limitations applicable to TILA damages claims.  See 15 U.S.C. § 1640(e).  The limitations period

16   for damages is subject to equitable tolling.  See King v. California, 784 F.2d 910, 915 (9th Cir.

17   1896).  Here, plaintiff's TILA violations stem from the loan application process, wherein

18   plaintiff argues the defendants failed to provide plaintiff's the required amount of time to

19   exercise his right to rescind.  Thus, the limitations period in this case accrued at the time plaintiff

20   signed the loan documents, in October 2006.  See Meyer v. Ameriquest Mortg. Co., 342 F.3d

21   899, 902 (9th Cir.2003).   Nothing in plaintiff's complaint indicates the applicability of equitable

22   tolling, nor does plaintiff argue that it should apply.  See King v. California, 784 F.2d 910, 915

23   (1986).    Accordingly, Plaintiff's claims for damages under TILA are now time-barred.

24            If, instead, Plaintiff is seeking rescission, "an obligor's right of rescission shall

25   expire three years after the date of consummation of the transaction or upon the sale of the

26   property, whichever occurs first[.]" 15 U.S.C. § 1635(f).  Again, more than three years have

passed since the loan transaction was consummated.  Thus, the right of rescission was extinguished prior to plaintiff's initiation of this action.  In addition, a claim for rescission requires a plaintiff to allege the ability to tender the loan proceeds or ability to pay back what he has received.  See e.g., Yamamoto v. Bank of N.Y., 329 F.3d 1167, 1170 (9th Cir. 2003), Garza v. Am. Home Mortgage, 2009 WL 188604 at *5 (E.D. CA  2009).  Nothing in plaintiff's complaint alleges plaintiff's willingness to tender.  Thus, plaintiff's claims under TILA are time barred and should be dismissed.

Plaintiff's claims for violation of TILA, both his claim for damages and for rescission, should be dismissed, without leave to amend, as barred by the statute of limitations.

Real Estate Settlement Procedures Act

Plaintiff's claim that defendants violated the Real Estate Settlement Procedures Act is as follows:

> Lender failed to provide what the cost of credit was altogether or a good faith estimate.
> Lender failed to disclose Yield Spread premium charged, without proper disclosure of the overall cost over the term of the loan.  As opposed to allowing the borrower to pay the yield spread as an up-front charge.

The Real Estate Settlement Procedure Act, at 12 U.S.C. § 2614, provides for a one year statute of limitations for any violation of § 2607 or § 2608, and a three year statute of limitations for any violation of § 2605.  Section  2605 covers required disclosures and notices, § 2607 includes prohibitions against kickbacks and unearned fees, and § 2608 prohibits a seller from purchasing title insurance from any particular title company.  Plaintiff does not clearly state what section of RESPA defendants violated.  Reading the complaint as broadly as possible, it appears plaintiff may be claiming a violation of either § 2605 or § 2607, or both.  Either way, plaintiff had at most three years to bring this action.  Plaintiff acknowledges the mortgage and loan contract was entered into in October of 2006.  This action was not brought until mid 2010, more than three years after the contract was entered into.   Thus, the statute of limitation on any

1    claim arising under RESPA has expired.

2           Accordingly, the claims for violation of RESPA should be dismissed, without

3    leave to amend, as barred by the statute of limitations.

4                          Uniform Commercial Code

5           Plaintiff's claim under the UCC is: " Lender failed to acquire a UCC-1 lien on the

6    property as required and in contravention of Article 9 of the UCC." He also indicates that

7    borrowers are required to sign the UCC-1.

8           Article 9 generally applies to transactions that create a security interest in personal

9    property or fixtures, not real property. See UCC § 9-109. Thus, even if the defendants did not

10   file a UCC-1 form, doing so was unnecessary, and cannot form the basis of a claim in the context

11   of a non-judicial foreclosure. Plaintiff claim for violation of the UCC should therefore be

12   dismissed as non-cognizable.

13                          Breach of Contract

14          As to plaintiff's breach of contract claim, he states:

15               The giving of notices of the foreclosure sale was not in
                 conformity with the contract of the parties (the deed of trust and
16               related documents from Closing), and Lenders thereby breached
                 such contract to Plaintiff's damage.
17

18          Breach of contract is a state cause of action, and is therefore governed by

19   California law. "The standard elements of a claim for breach of contract are: '(1) the contract,

20   (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4)

21   damage to plaintiff therefrom.'" Wall Street Network, Ltd. v. New York Times Co., 164 Cal.

22   App.4th 1171, 1178, 80 Cal. Rptr. 3d 6 (2008).

23          Here, plaintiff claims the defendants breached the contract by failing to provide

24   proper notice of foreclosure. However, he fails to identify what notice was given, or not given,

25   and what provision of the contract was breached. Plaintiff therefore fails to plead sufficient facts

26   to sustain his claim for breach of contract. Fed. R. Civ. Proc. 8. Indeed, it would appear based

on the statements made in his complaint as to being in default, that he was the one who breached

the contract, not the defendants.  While the defects in this claim are perhaps curable, such a claim

is based on state law, and should be raised, if at all, in the state courts.

<u>Unfair Deceptive Trade Practices</u>

Plaintiff fails to identify the basis of this claim at all.  He states:

> It appears that the Lender mailed the Plaintiffs a monthly
> statement after the default had occurred, which displayed no
> evidence of a default and indicated that the Plaintiff was to make
> his May 2010 payment as if the default had been cured.

Plaintiff fails to indicate how sending a statement was deceptive trade practices.

It is possible that plaintiff is attempting to state a claim for violation of California's Unfair

Competition Law.  <u>See</u> Cal. Bus & Prof Code §§ 17200 *et seq.*  "A plaintiff alleging unfair

business practices under these statutes [UCL] must state with reasonable particularity the facts

supporting the statutory elements of the violation."  <u>Khoury v. Maly's of California, Inc.</u>, 17 Cal.

Rptr. 2d 708, 712 (Cal. Ct. Ap. 1993).  Here, plaintiff's vague allegations of receiving a

statement which failed to include the amount in default is insufficient.  Again, the pleading

defects for this claim may be curable, but should be raised in state court.

<u>Breach of Fiduciary Duty</u>

Plaintiff claims the defendants breached their fiduciary duty as follows:

> Arguably, the lender has the role of advisor and knows or
> should have known the borrower trusted him.  In the alternative,
> the lender created a quasi-fiduciary relationship of trust and
> confidence, which at least gives rise to a duty of disclosure. . . . .
> A fiduciary duty arose when Plaintiff, the weaker, less
> informed party, in the sense of the liability to protect oneself,
> placed his trust and confidence in the Lender. . . .
> As a direct, proximate and foreseeable result of
> Defendants' actions, Plaintiff is subject to loss of property and loss
> of use and other damages caused by Defendants' actions.

As defendant points out, a lender has no fiduciary duty to borrowers.  <u>See</u> <u>Price v.</u>

<u>Wells Fargo Bank</u>, 261 Cal. Rptr. 735, 740 (Cal. Ct. App. 1989) (finding no fiduciary relation

1    between a bank and its loan customers, just as there is no fiduciary relation between a debtor and

2    a creditor).  Thus, plaintiff is unable to state a claim for breach of fiduciary duty in this case, and

3    the motion to dismiss that claim should be granted.

4                        **III.    CONCLUSION**

5            Plaintiff's claims under RESPA and TILA are barred by the applicable statute of

6    limitations.  The remaining claims are based on California state law, and are insufficient as plead.

7    To the extent the state law claims are curable, they should be dismissed without prejudice to

8    raising such claims in a state law action.

9            Based on the foregoing, the undersigned recommends that defendant's motion to

10   dismiss (Doc. 8) be granted.

11           These findings and recommendations are submitted to the United States District

12   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

13   after being served with these findings and recommendations, any party may file written

14   objections with the court.  Responses to objections shall be filed within 14 days after service of

15   objections.  Failure to file objections within the specified time may waive the right to appeal.

16   See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17

18   DATED:  May 23, 2011

19

20                                        **CRAIG M. KELLISON**
                                          UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

                                           8